**The document below is hereby signed.**

**Dated: October 24, 2011.**



_S. Martin Teel, Jr._
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 11-00681 |
| SILVIA PESSOA, | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | **Not for publication in** |
| | ) | **West's Bankruptcy Reporter** |

```
         MEMORANDUM DECISION AND ORDER RE
      DEBTOR'S REQUEST TO RECONSIDER DISMISSAL
```

On September 13, 2011, the debtor commenced the above-captioned case under chapter 7 of the Bankruptcy Code. In filing her petition, however, the debtor failed to include her certification of credit counseling. That same date, the court issued the debtor an notice alerting her to this deficiency. After the debtor failed to timely correct the deficiency, the court entered an order directing the debtor to file the certificate of credit counseling by October 4, 2011, or show cause why the case ought not be dismissed based on the debtor's failure to comply with the requirements of § 109(h) of the Bankruptcy Code. On October 14, 2011, after the debtor failed to respond to the court's September 27, 2011, Order, the court dismissed the debtor's case.

The debtor has now filed with the court a letter requesting reconsideration of the dismissal of her case.  In her letter, the debtor explains that she has been living with her parents in Brazil and has not timely received the court's notices.  The debtor also explains that she completed a course in financial literacy conducted by FEBREN of Takoma Park, Maryland a few months prior to her petition, but that FEBREN informed her that this was not the prepetition course required by § 109(h) of the Bankruptcy Code.  The debtor subsequently went on the internet and took the appropriate course, apparently, however, after the case was commenced.

Section 109(h) of the Bankruptcy Code requires that individual debtors seeking relief under the Bankruptcy Code must, prior to filing a petition, receive credit counseling from an approved provider.  Failure to take the course prior to filing a petition (absent limited exceptions not apparently applicable in this case) disqualifies an individual from being a debtor in bankruptcy.  While I am sympathetic to the debtor's situation, the court is without discretion to waive the requirements of § 109(h) in these circumstances.  The order dismissing the debtor's case was without prejudice to refiling, and, thus, she is free to file another petition commencing her case anew.

For these reasons, it is

ORDERED that the debtor's request to reconsider the court's

order dismissing her case (Dkt. No. 28) is DENIED.  It is further

ORDERED that the debtor is advised that in the event she opts to file her case anew, the automatic stay protections provided by § 362 of the Bankruptcy Code are limited to a one-month period unless, prior to the expiration of that time, the debtor files and the court grants a motion to continue the stay.

[Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; United States Trustee.